[Crim. No. 1834. First Appellate District, Division One.—January 7, 1935.]

In the Matter of the Application of DAVID F. HICKEY, for a Writ of Habeas Corpus.

Vincent W. Hallinan and William F. Herron for Petitioner.

THE COURT.—Application for a writ of *habeas corpus.* According to the allegations of the petition David F. Hickey was committed to the custody of and is being imprisoned by the sheriff of the city and county of San Francisco pursuant to a judgment of contempt rendered by the superior court. A copy of said judgment is set forth in the petition and it appears therefrom that Hickey was brought before said court under process of attachment to show cause why he should not be punished for contempt for refusing to render an account as guardian of the estate and person of Patrick Murphy, an incompetent person; that after being sworn as a witness he "refused to answer any questions propounded to him touching upon his administration of said estate, and also declined and refused to testify concerning the assets of said estate, and declined to present his account . . . for settlement, upon the ground that any answers given by him might tend to incriminate and degrade him"; that he persisted in such refusal whereupon he was adjudged guilty of contempt.

Conceding, as petitioner contends, that a person need not give an answer which will have a tendency to subject him to punishment for a felony (Code Civ. Proc., sec. 2065; *In re Sales,* 134 Cal. App. 54 [24 Pac. (2d) 916]), the trial court declared in substance in its judgment of contempt that the questions propounded to the prisoner were proper questions. None of said questions are set forth in the petition, nor is there any allegation in the petition to the effect that the answers thereto, if given, would have tended to incriminate the prisoner, it being alleged merely that he

refused to answer the same upon that ground. Indeed, it has been held that in a *habeas corpus* proceeding a petitioner may not go behind the judgment and offer evidence to impeach facts and matters adjudicated therein; the facts found must be taken as true (*Ex parte Ewell*, 71 Cal. App. 744 [236 Pac. 205]).

 Moreover, it affirmatively appears from said judgment that the prisoner went beyond the limitation of the privilege with which the law clothed him and refused to file any account as ordered by the court, or* to answer any questions whatever touching upon his administration as guardian. Therefore upon these latter grounds alone, the trial court was empowered to adjudge him guilty of contempt.

For the reasons stated the application for the writ is denied.